**Jimmy Lee WALKER, Petitioner-Appellee,**

v.

**William H. HUSTON, Director, et al., Respondents-Appellants.**

**No. 80–3279.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 19, 1981.

Decided Oct. 8, 1982.

W. H. Hawley, Jr., Asst. Atty. Gen., Anchorage, Alaska, for respondents-appellants.

George E. Weiss, Anchorage, Alaska, for petitioner-appellee.

Before SKOPIL, FLETCHER, and FARRIS, Circuit Judges.

SKOPIL, Circuit Judge:

Walker was convicted of rape in Alaska state court. He filed a habeas corpus petition in district court challenging the constitutionality of Alaska Stat. § 12.30.040(b) (1981), which denies bail pending appeal to persons convicted of first degree murder, kidnapping, armed robbery, or rape. The district court held that the classification of rape as a nonbailable offense violates equal protection because the classification is not rationally related to a legitimate state interest. The state appeals. As we find this case moot, we do not reach the merits, but vacate the judgment of the district court

and remand with instructions to dismiss the complaint.

## I.

Walker was convicted of forcible rape in Alaska state court on May 24, 1979. Walker orally gave notice of appeal and requested bail pending appeal. The Superior Court upheld the constitutionality of Alaska Stat. § 12.30.040(b), and ordered Walker imprisoned without bail.

Walker moved the Alaska Supreme Court to be admitted to bail pending appeal. A single justice of the Alaska Supreme Court denied Walker's motion for bail. Walker then applied for an en banc rehearing on his motion for bail. The full Alaska Supreme Court denied the petition for an en banc rehearing, with one justice dissenting. Walker's direct appeal in the Alaska Supreme Court is currently pending.

On December 26, 1979 Walker filed a petition for habeas corpus relief in federal district court in Alaska. The district court concluded that section 12.30.040(b) violated petitioner's right to equal protection, in that the statute was not rationally related to a legitimate state purpose, and ordered the state to hold a bail hearing.

A bail hearing was held in state court, which ordered Walker's release on recognizance to the third-party custody of a superior officer in the United States Army. The Army failed to cooperate and Walker remained in jail. A separate habeas corpus petition was filed against the Army. This petition was dismissed on April 29, 1981, granting summary judgment to the Army.

On June 27, 1980 the state of Alaska filed a notice of appeal from the order requiring a bail hearing. On September 22, 1980 the district court dismissed the petition for writ of habeas corpus because the state had complied with its order and provided petitioner with a bail hearing.

Walker was sentenced to five years, with two years suspended. Walker served his prison term and is currently on probation until August 10, 1984.

## II.

The issue presented on appeal is whether Alaska Stat. § 12.30.040(b) violates equal protection by including rape within offenses non-bailable pending appeal while excluding other serious crimes.[1]

Before reaching the principal issue, we must address the preliminary issue of mootness. A moot case is one in which the controversy between the parties is no longer live because one party is no longer concerned with the outcome. *Compare Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980); *Weinstein v. Bradford,* 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam). Since Walker is currently released on probation, his effort to obtain post-conviction release on bail is arguably moot.

There is an exception to the general rule on mootness in cases that are "capable of repetition, yet evading review." *See Weinstein v. Bradford,* 423 U.S. at 148–49, 96 S.Ct. at 348; *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973); *Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 1494, 23 L.Ed.2d 1 (1969); *Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911). Under this doctrine, an appeal not a class action is not moot if: "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. at 149, 96 S.Ct. at 349.

The appeal satisfies the first prong in that the grant or denial of bail pending appeal is generally too short in duration to be fully litigated prior to its cessation.

---

1. The Alaska Court of Appeals has recently held that the statute in issue here, Alaska Stat. § 12.30.040(b) (1981), violates the equal protection clauses of both the United States and Alaska constitutions. *Griffith v. State of Alaska,* 641 P.2d 228 (Alaska App.1982).

Walker fails the second requirement, however, since there is no reasonable expectation that he will again be convicted of rape and denied post-conviction bail. For Walker to be subject to the same denial of post-conviction bail again, the following sequence of events must take place: (1) Walker's conviction must be reversed on appeal, (2) he must be retried, (3) he must be reconvicted, (4) he must be resentenced to a new and longer prison term, and (5) he must again appeal and seek bail pending appeal. Though we might be inclined to hold that even this long chain of events still holds a reasonable expectation that Walker would be subjected to the same action again, a recent Supreme Court decision instructs us otherwise. In *Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam), *vacating Hunt v. Roth,* 648 F.2d 1148 (8th Cir. 1981), the defendant was denied a pre-trial bail pursuant to a state constitutional provision that provided for the denial of pre-trial bail for forcible sexual offenses "where the proof is evident or the presumption great." Neb. Const. art. I, § 9. The defendant stipulated that the proof was evident and the presumption great, and he was convicted of three separate charges of first-degree sexual assault in two separate trials, and each of his appeals were still pending.

The Court stated that it was unlikely that all three convictions would be overturned on appeal (the events which were necessary for the same controversy to recur), in light of the defendant's stipulation that the proof against him was evident and the presumption great. As no "reasonable expectation" existed that Hunt would again be subjected to the same action, the Court therefore held the case moot. *Murphy v. Hunt,* 102 S.Ct. at 1184.

As there is even less likelihood that Walker would again be subjected to a denial of bail pending appeal than existed in *Hunt,* we have no choice but to hold Walker's case moot. Accordingly, the judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss the complaint.