979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven B. GOFF, Individually, and as a Member of the
International Brotherhood of Electrical Workers
Union, Plaintiff-Appellant,
v.
UNION PACIFIC RAILROAD COMPANY; United States of America,
Office of Management and Budget, Defendants-Appellees.
 No. 91-35701.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided Nov. 17, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven Goff appeals the district court's dismissal of his suit against Union Pacific Railroad and the U.S. government. We affirm.
 
 
 3
 The district court granted the government's motion to dismiss. The court decided that (1) it lacked jurisdiction over the case because it involved a "minor dispute" over which the Special Board of Adjustment had exclusive jurisdiction, (2) Goff lacked standing to challenge the constitutionality of the Gramm-Rudman Act, and (3) the claims were mooted by the Board's decision. We conclude that the district court was correct in all respects.
 
 
 4
 We review a dismissal under Rule 12 de novo. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The existence of subject matter jurisdiction is a question of law reviewed de novo. Id. The district court's dismissal on the issue of standing is reviewed de novo. Idaho Conservation League v. Mumma, 956 F.2d 1508, 1513 (9th Cir.1992). Finally, we review the district court's determination that Goff's claims are moot de novo. Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir.1987).
 
 
 5
 A claim is moot when the issues are no longer alive or the parties lack a legally cognizable interest in the outcome. Wong v. Department of State, 789 F.2d 1380, 1384 (9th Cir.1986). Where interim relief has "completely and irrevocably eradicated the effects of an alleged violation of law and there is no reasonable expectation that the violation will recur, a case is moot." Id. Claims as well as cases may be mooted by intervening events. EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539, 1542-43 (9th Cir.1987). Goff filed his lawsuit, largely for claims arising from delay by the Board in deciding his case, while his grievance was still pending before the Special Board of Adjustment. Subsequently, the Board decided the case, largely in Goff's favor. That decision rendered his lawsuit moot.
 
 
 6
 Goff would lack standing in any event. Standing requires a showing of (1) injury in fact, which means an invasion of a legally protected interest that is concrete and particularized, as well as actual and imminent rather than conjectural or hypothetical, (2) a causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 112 S.Ct. 2130, 2136 (1992). In addition, a person only has standing to bring a suit for injunctive relief on the basis of past illegal conduct if there are continuing, present adverse effects. Id. at 2138. Goff's challenge to the Gramm-Rudman-Hollings Act was insufficiently particularized for standing, since his position was no different from that of anyone else who would have benefitted had the federal government spent more money on the program of interest to him. The issuance of a final decision by the Board defeated standing. Los Angeles v. Lyons, 461 U.S. 95, 102-05 (1983).
 
 
 7
 The district court was also correct in its ruling that Goff's claim fell within the definition of "minor labor dispute," so it was governed exclusively by administrative remedies under the Railway Labor Act. 45 U.S.C. § 151. Edelman v. Western Airlines, Inc., 892 F.2d 839, 843 (9th Cir.1989). Goff's claims are preempted because they cannot be resolved without reference to the agreement. Edelman, 892 F.2d at 844.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3