69 F.3d 541
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Emmanuel Echezona ONYIA; Anita Hayes Onyia, Appellants,
v.
Carl R. HOUSEMAN, District Director, Immigration and
Naturalization Service, Appellee.
 No. 95-1740.
 United States Court of Appeals, Eighth Circuit.
 Submitted Aug. 8, 1995.
Decided Oct. 26, 1995.
 
 Before FAGG, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Emmanuel Echezona Onyia, a citizen of Nigeria, and Anita Hayes Onyia, a citizen of the United States, appeal from the District Court's[1] order dismissing their petition for review of agency determinations that their marriage is a sham. We affirm.
 
 
 2
 Onyia, who entered the United States as a student, married Hayes in Minnesota in August 1985. In September, Hayes petitioned the Minnesota office of the Immigration and Naturalization Service (INS) on behalf of Onyia to accord him immediate relative status for issuance of an immigrant visa. In 1986, Hayes moved to Arkansas to care for her seriously ill parents, and Onyia continued to live in Minnesota to attend school. Hayes was notified by letter that the INS intended to deny her petition because she and her husband did not reside together in a bona fide marital relationship. The INS subsequently denied the visa petition based on a finding that the marriage was a sham. The decision was based on Hayes's failure to offer any evidence that she and her husband had ever lived together, or intended to live together in the future. The Board of Immigration Appeals (BIA) affirmed the INS decision and dismissed Hayes's appeal. Later, this court affirmed the denial of Onyia's application for suspension of the deportations proceedings that ensued. See Onyia v. INS, 15 F.3d 754, 756 (8th Cir.1994).
 
 
 3
 In the interim, Hayes filed a second petition for change of status on behalf of Onyia with a Nebraska INS office. The second petition was approved, but that approval was later revoked.
 
 
 4
 Onyia and Hayes filed a petition in the District Court for review of both visa petition decisions. After a hearing, the district court found no abuse of discretion in either decision, noting the record lacked any evidence of shared experiences, and dismissed the petition with prejudice.
 
 
 5
 Where final orders of deportation are not involved, an alien's remedies "ordinarily lie first in an action brought in an appropriate district court." Cheng Fan Kwok v. INS, 392 U.S. 206, 210 (1968). "In reviewing agency action, both the district court and this court apply the same deferential standard." See Wong v. Department of State, 789 F.2d 1380, 1382 (9th Cir.1986). The reviewing court will not set aside the agency action unless found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Id. (quoting 5 U.S.C. Sec. 706(2)(A)).
 
 
 6
 We believe the District Court correctly found no abuse of discretion in the denial or revocation of Hayes's relative visa petitions on behalf of Onyia pursuant to 8 U.S.C. Sec. 1154(a) (1994) and 8 C.F.R. Secs. 204.2, 205.2 (1995). The BIA considered the physical separation of Onyia and Hayes a relevant factor in determining the parties' intent at the time of their marriage. The BIA also relied on the lack of documentary evidence establishing a bona fide marriage, including the absence of Hayes's name on Onyia's property lease, the lack of joint bank accounts, and the lack of evidence the couple visited each other more than once. The BIA also relied on evidence gathered during the investigation that Hayes, after indicating on her marriage certificate she would use her spouse's name, used her maiden name and listed her status as single on employment forms.
 
 
 7
 Revocation of the second visa petition was proper under 8 U.S.C. Sec. 1154(c), which provides that no petition shall be approved if the alien has previously sought immediate relative status by reason of a marriage determined to have been entered into for the purpose of evading the immigration laws. The remaining arguments on appeal are without merit.
 
 
 8
 Accordingly, the District Court's judgment dismissing the petition for agency review is affirmed.
 
 
 
 [1]
 The Honorable Michael James Davis, United States District Judge for the District of Minnesota