**REVERSED AND REMANDED WITH INSTRUCTIONS.**

**Se Jong NOH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2000

Filed Oct. 5, 2000

Stuart I. Folinsky, Law Office of Young S. Kim, Los Angeles, California, for the petitioner.

Nelda C. Reyna, Washington, D.C., for the respondent.

Before: HUG, Chief Judge, THOMPSON, Circuit Judge, and RESTANI, Court of International Trade Judge.[1]

## OVERVIEW

DAVID R. THOMPSON, Circuit Judge:

On January 19, 1996, Se Jong Noh, a native and citizen of Korea, was denied entry into the United States because the State Department had revoked his nonimmigrant "F–1" student visa on the ground that it was illegally obtained. The Immigration and Naturalization Service ("INS") initiated exclusion proceedings against Noh. The Immigration Judge ("IJ") held that it could not review the State Department's revocation of Noh's visa, and thus Noh was excludable pursuant to 8 U.S.C. § 1182(a)(7)(B)(i)(II) because he was not in possession of a valid nonimmigrant visa. The Board of Immigration Appeals ("BIA") affirmed, concluding that the IJ had properly held that it could not review the validity of the State Department's revocation of Noh's visa. Noh then filed this petition for review.

## BACKGROUND

Noh is a citizen of the Republic of Korea. His father filed a visa application on his behalf and, on May 4, 1995, Noh received a nonimmigrant "F–1" student visa at the United States consulate in Seoul, Korea. That visa expired on May 3, 1999. The visa allowed Noh to enter the United States to attend Montclair School and College in Van Nuys, California. Noh first entered the United States in the summer of 1995. He returned to Korea for a visit

in the winter of 1995, and then tried to reenter the United States on January 19, 1996. Unbeknownst to Noh, the Deputy Assistant for Visa Services of the Bureau of Consular Affairs for the Department of State ("Deputy Assistant") had revoked Noh's visa effective September 8, 1995, on the ground that the visa had been "illegally obtained." As a result, Noh was denied reentry into the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(7)(B)(i)(II).[2] The INS initiated exclusion proceedings against Noh in January of 1996.

■ At his hearing before the IJ, Noh contended the Deputy Assistant had improperly revoked his visa because it had not been revoked on a ground listed in 22 C.F.R. § 41.122. The IJ held that he did not "have the authority to inquire into the propriety of the revocation of this visa" and thus Noh was excludable pursuant to 8 U.S.C. § 1182(a)(7)(B)(i)(II). The BIA affirmed the IJ's decision. Noh then filed this petition for review, seeking his admission into the United States.[3]

## ANALYSIS

### I. Our Jurisdiction

The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") apply here because Noh's exclusion proceedings commenced before the Act's effective date of April 1, 1997. *See* IIRIRA § 309(c) ("[I]n the case of an alien who is in exclusion or deportation proceedings before [IIRIRA's] effective date—(A) the amendments made by [IIRIRA] shall not apply, and (B) the proceedings (including judicial review thereof)

---

**1.** Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

**2.** 8 U.S.C. § 1182(a)(7)(A)(i)(I) provides that "any immigrant at the time of application for admission-(I) who is not in possession of a valid unexpired visa ... is inadmissible." Section 1182(a)(7)(B)(i)(II) provides that "[a]ny nonimmigrant who-(II) is not in possession of a valid nonimmigrant visa or bor-

der crossing identification card at the time of application for admission, is inadmissible."

**3.** Noh's petition for review is not moot even though his visa expired on May 3, 1999, because federal regulations permit a student visa holder to stay beyond his visa's expiration date to continue his education. *See* 8 C.F.R. § 214.2(f)(7)(i).

shall continue to be conducted without regard to such amendments."). Therefore, we have jurisdiction to review the BIA's exclusion order pursuant to 8 U.S.C. § 1105a (1996).

## II. The IJ's Jurisdiction

 Before IIRIRA, an IJ had the authority to determine whether an alien seeking admission was excludable. *See* 8 U.S.C. § 1226 (1996). An alien is excludable if he does not possess a valid visa. *See* 8 U.S.C. § 1182(a)(7)(B)(i)(II). When, as in this case, the alien had a visa that was revoked, a necessary part of the IJ's inquiry into the alien's excludability is to determine whether the revocation was lawful. *See, e.g., Olivares v. INS*, 685 F.2d 1174, 1175 n. 5 (9th Cir.1982) ("[R]eview[ing] the propriety of the denial of [an] application for adjustment of status necessarily includes power to review the propriety of the underlying determinations upon which the denial was based.").

 We have previously held that even though 8 U.S.C. § 1201(i) gives consular officers discretion to revoke a visa, federal regulations limit a consular officer's revocation authority to instances in which the visa holder was: (1) "ineligible under 8 U.S.C. § 1182 to receive such visa," or (2) "not entitled to nonimmigrant classification under 8 U.S.C. § 1101(a)(15)." *Wong v. Department of State*, 789 F.2d 1380, 1385 (9th Cir.1986); *see also* 22 C.F.R. § 41.122(a) (1996).[4] An IJ, therefore, in a proceeding instituted prior to IIRIRA, could inquire into whether a consular officer[5] revoked an alien's visa for one of these reasons.[6] This is not to say that if a consular officer revokes a

visa for one of the reasons outlined in 22 C.F.R. § 41.122(a) (1996) that an IJ also has the authority to review the consular officer's decision. To the contrary, because that decision would be within the discretion of the consular officer, as provided for in 8 U.S.C. § 1201(i), the IJ could not review it. Here, however, Noh asserts that the Deputy Assistant did not revoke his visa for one of the reasons enumerated in 22 C.F.R. § 41.122 (1996).

## III. The Validity of Noh's Visa

Pursuant to 8 U.S.C. § 1361, Noh bears the burden of establishing that he is admissible into the United States. According to the Deputy Assistant, Noh's visa was revoked because it was "illegally obtained." The IJ determined it was unclear what the Deputy Assistant meant by "illegally obtained."

 Because the IJ found that the Deputy Assistant's reasons were unclear, the government argues that Noh failed to meet his burden of establishing that the government's revocation was illegal. While it is true that if the government articulated a facially valid reason for revoking Noh's visa, then Noh would have the burden of establishing that the reason was in fact untrue, Noh is not obligated to establish the reason why the government revoked his visa. To require Noh to explain what the government meant by "illegally obtained" is an almost impossible burden that would reward the government for being unclear. Accordingly, Noh is not obligated to present evidence explaining why the government revoked his visa be-

---

4. In *Wong*, we relied on 22 C.F.R. § 41.134(a). By 1996, the relevant provision was set forth in 22 C.F.R. § 41.122(a).

5. The parties do not dispute that the Deputy Assistant is a "consular officer." *See* 8 U.S.C. § 1101(9) (1995); 22 C.F.R. § 40.1(d); *Wong*, 789 F.2d at 1385.

6. IIRIRA, enacted after exclusion proceedings were instituted against Noh, significantly

changed the IJ's authority. In particular, 8 U.S.C. § 1225(b)(1)(C) now provides that an alien who is found to be inadmissible pursuant to section 1182(a)(6)(C) or 1182(a)(7) cannot appeal the removal order except in cases where the alien claims "to have been lawfully admitted for permanent residence, to have been admitted as a refugee under section 1157 of this title, or to have been granted asylum under section 1158 of this title."

yond the government's own stated reason that it was "illegally obtained."

Accepting the government's stated reason for revoking Noh's visa, that is, that the visa was "illegally obtained," this is not a valid ground for revoking a visa pursuant to 22 C.F.R. § 41.122 (1996). Therefore, Noh's visa was improperly revoked.

IV. Remedy

Noh asks us to order that he be admitted to the United States. We leave that decision to the executive branch. We hold, however, that Noh's 1995 visa was improperly revoked. Noh, therefore, has whatever privileges appertain to that visa.

PETITION FOR REVIEW GRANTED.