**Se Jong NOH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70982.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 5, 2000

Filed May 7, 2001

Stuart I. Folinsky, Los Angeles, California, for the petitioner.

Nelda C. Reyna, Office of Immigration Litigation, Civil Division, United States Justice Department, Washington, D.C., for the respondent.

Before: HUG, and DAVID R. THOMPSON, CIRCUIT JUDGES, and RESTANI, Court of International Trade Judge.*

DAVID R. THOMPSON, Circuit Judge:

## OVERVIEW

Se Jong Noh, a native and citizen of Korea, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") determination that Noh was not admissible to the United States because, at the time of entry, he was not in possession of a valid nonimmigrant visa under 8 U.S.C.

---

* Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not

§ 1182(a)(7)(B)(i)(II). Noh concedes that his nonimmigrant visa had been revoked by the Deputy Assistant Secretary for Visa Services of the United States Department of State ("Deputy Assistant") prior to entry, but contends that the revocation was invalid because it was not based on a ground specified in the administrative regulation governing revocation of visas by consular officers. *See* 22 C.F.R. § 41.122. We have jurisdiction under 8 U.S.C. § 1105a.[1] Because the Deputy Assistant was not acting as a consular officer in revoking Noh's visa, and he gave a facially legitimate and bona fide reason for revoking the visa, we deny the petition for review.

## BACKGROUND

The United States Embassy in Seoul, Korea, issued a student nonimmigrant visa to Noh on May 4, 1995. Noh entered this country on May 11, 1995, to attend Montclair School and College in Van Nuys, California. He returned to Korea for a visit in December of 1995, and attempted to reenter the United States on January 19, 1996. Unbeknownst to Noh, the Deputy Assistant had revoked Noh's visa on September 8, 1995, on the ground that the visa had been "obtained illegally." Noh was denied reentry into the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) and 8 U.S.C. § 1182(a)(7)(B)(i)(II)[2] and placed in exclusion proceedings on January 19, 1996.

apply to petitioners whose proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA 309(c)(1).

2. 8 U.S.C. § 1182(a)(7)(A)(i)(I) provides that "any immigrant at the time of application for admission . . . who is not in possession of a valid unexpired immigrant visa . . . is inadmissible." Section 1182(a)(7)(B)(i)(II) provides that "[a]ny nonimmigrant who . . . is not in possession of a valid nonimmigrant visa or border crossing identification card at

The IJ found that Noh was inadmissible under 8 U.S.C. § 1182(a)(7)(B)(i)(II) because he was not in possession of a valid nonimmigrant visa at the time of entry.[3] The IJ concluded that she did not have authority to consider Noh's argument that the revocation of his visa was invalid because it was not based on a ground enumerated in the administrative regulation governing revocation of visas by consular officers. See 22 C.F.R. § 41.122. The BIA dismissed Noh's appeal of the IJ's decision, concluding: "Our jurisdiction does not include review of a State Department official's decision regarding the issuance or revocation of visas, which is within the domain of the Department of State." This petition for review followed.[4]

## ANALYSIS

### A.  22 C.F.R. § 41.122

■ Noh contends that the Deputy Assistant's revocation of his visa was invalid because it was not predicated upon a ground set forth in 22 C.F.R. § 41.122, the regulation governing revocation of visas by consular officers.[5] This contention fails because the Deputy Assistant was not acting as a "consular officer" when he revoked Noh's visa.

The Secretary of State or a consular officer may revoke a visa at any time in his or her discretion. See 8 U.S.C. § 1201(i). The Secretary of State delegated this statutory discretion to the Deputy Assistant pursuant to Delegation of Authority No. 74 and Redelegation of Authority No. 74-3-A.[6] The Deputy Assistant relied on this delegation of authority in revoking Noh's visa:

This is to certify that I, the undersigned Deputy Assistant Secretary of State for Visa Services, acting in pursuance of the authority conferred by section 221(i) of the Immigration and Nationality Act (8 U.S.C. § 1201(i)), and by Delegation of

---

the time of application for admission, is inadmissible."

3.  The IJ found that the evidence "[did] not sustain the charge under section 212(a)(7)(A)(i)(I) charging that the applicant [was] an *intending immigrant* without a proper document." (Emphasis added.)

4.  Although Noh's visa expired on May 3, 1999, his petition for review is not moot because federal regulations permit a student visa holder to stay beyond his visa's expiration date to continue his education. See 8 C.F.R. § 214.2(f)(1)(i), (f)(7).

5.  Under 22 C.F.R. § 41.122, a *consular officer* may only revoke a nonimmigrant visa if the officer finds that the alien is not eligible for the particular visa classification or if the alien has been found ineligible for a visa under one of the inadmissibility provisions of section 212(a) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a). See 22 C.F.R. § 41.122; *Wong v. Department of State*, 789 F.2d 1380, 1383 (9th Cir.1986).

6.  Delegation of Authority No. 74 provides:

Under the general direction of the Secretary of State ... the Administrator of the Bureau of Security, Consular Affairs and Personnel of the Department of State shall be charged with the administration and enforcement of the Immigration and Nationality Act and all other immigration and nationality laws relating to the powers, duties and functions of diplomatic and consular officers of the United States.

18 Fed. Reg. 7898 (1953).

Redelegation of Authority No. 74-3-A provides:

By virtue of the authority vested in the Secretary of State ... authority is hereby delegated to the Director, the Deputy Director and the Assistant Directors of the Visa Office of the Department of State to exercise individually the discretion conferred upon the Secretary of State by [8 U.S.C. 1201(i)] to revoke visas or other documentation issued by consular officers.

25 Fed. Reg. 9959 (1960). The Director of the Visa Office is now known as the Deputy Assistant Secretary for Visa Services. See 56 Fed. Reg. 43551 (1991).

Authority No. 74–3–A, hereby revoke the nonimmigrant visas issued at the embassy of the United States in Seoul, Korea, to: ... Se Jong Noh.

Not only did the Deputy Assistant say he was revoking the visa pursuant to delegation from the Secretary of State, in the absence of anything to the contrary we must assume he was acting in that capacity because that is the only capacity in which his action would have been lawful. *See United States v. Chemical Found.*, 272 U.S. 1, 14–15, 47 S.Ct. 1, 71 L.Ed. 131 (1926) (we must presume that an officer exercising the powers of his office does so lawfully); *Hyster Co. v. United States*, 338 F.2d 183, 187 (9th Cir.1964); *Bowles v. Northwest Poultry & Dairy Prods. Co.*, 153 F.2d 32, 34 (9th Cir.1946).

We recognize that the definition of "consular officer" under 22 C.F.R. § 40.1 includes the Deputy Assistant. *See* 22 C.F.R. § 40.1 ("Consular officer, as defined in INA 101(a)(9) includes commissioned consular officers and the Deputy Assistant Secretary for Visa Services, and such other officers as the Deputy Assistant Secretary may designate for the purpose of issuing nonimmigrant and immigrant visas"); *see also* 8 U.S.C. § 1101(a)(9) ("The term 'consular officer' means any consular, diplomatic, or other officer or employee of the United States designated under regulations prescribed under authority contained in this chapter, for the purposes of issuing immigrant or nonimmigrant visas"). However, while a Deputy Assistant may be considered a consular officer for purposes of issuing visas, he need not serve as a consular officer in order to revoke a visa. *See* 8 U.S.C. § 1201(i) (stating that a consular officer *or* the Secretary of State may revoke a visa) (emphasis added); *Mansur v. Albright*, 130 F.Supp.2d 59, 61 (D.D.C.2001).

Noh argues that our opinion in *Wong v. Department of State*, 789 F.2d 1380 (9th Cir.1986), supports his contention that because the Deputy Assistant's revocation of his visa was not predicated upon a ground specified in 22 C.F.R. § 41.122, the revocation was invalid. Noh misapprehends the extent of our holding in *Wong*. It is true that in *Wong* we vacated a nonimmigrant visa revocation by the Deputy Assistant because he did not base his revocation on a ground specified in 22 C.F.R. § 41.134.[7] But, in *Wong*, the parties "consistently maintained that Mr. Goeltz, Deputy Assistant Secretary for Visa Services, acted in his capacity as a consular officer in revoking the nonimmigrant visas." *Id.* at 1385. Moreover, the Deputy Assistant in *Wong* had signed the revocation as a "consular officer," *id.* at 1382, whereas the Deputy Assistant in the present case signed Noh's visa revocation as "Deputy Assistant" and cited the Secretary of State's Delegation of Authority No. 74–3–A.

In light of the foregoing, it is clear that when the Deputy Assistant revoked Noh's visa, he was acting in his capacity as a delegate of the Secretary of State. *See Mansur*, 130 F.Supp.2d at 61. Because the Deputy Assistant acted in his capacity as a delegate of the Secretary of State in revoking Noh's visa, he was not obliged to predicate that revocation on a ground specified in 22 C.F.R. § 41.122. *See Matter of P–N–*, 8 I & N 456, 458–59 (BIA 1959) (stating that 22 C.F.R. § 41.18, a predecessor to 22 C.F.R. § 41.122, applies only to revocations by consular officers); *Mansur*, 130 F.Supp.2d at 60–61 (same).

## B.  *Abuse of Discretion*

Noh next contends that, even if the Deputy Assistant revoked his visa pursuant to a delegation of authority from the Secre-

---

7.  22 C.F.R. § 41.134 was a predecessor to 22 C.F.R. § 41.122.

tary of State, the Deputy Assistant abused his discretion because he cited "no facially legitimate reason whatsoever" for revoking the visa. The INS maintains that the Secretary's decision to revoke a visa is unreviewable because the Secretary's decision to revoke a visa is committed to his discretion by statute, *see* 8 U.S.C. § 1201(i) ("After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa or other documentation."), and there are no statutory or regulatory limitations on the Secretary's discretion which would provide a meaningful standard against which to judge his exercise of discretion, *see County of Esmeralda v. United States Dep't of Energy,* 925 F.2d 1216, 1218–19 (9th Cir.1991) (quoting *Heckler v. Chaney,* 470 U.S. 821, 830, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985)).

 We need not decide whether the Secretary's revocation decision would be unreviewable in all cases, because the Secretary offered a facially legitimate and bona fide reason for revoking Noh's visa, namely that the visa had been obtained illegally, thereby rendering his decision in this case unreviewable. *See Kleindienst v. Mandel,* 408 U.S. 753, 769–70, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (declining to reach the question whether the Attorney General may permissibly offer any reason or no reason at all for a waiver of inadmissibility decision because the Attorney General offered a facially legitimate and bona fide reason for refusing the alien's request for a waiver); *cf. Patel v. Reno,* 134 F.3d 929, 932 n. 1 (9th Cir.1997) (stating in dicta that judicial review of a visa denial exists "when the government did not act 'on the basis of a facially legitimate and bona fide

reason.'") (quoting *Kleindienst v. Mandel,* 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972)).

Although Noh complains that the record does not contain any evidence regarding the circumstances leading to the revocation of his visa, that lacuna does not help him. It simply demonstrates there is nothing in the record to refute the Secretary's facially legitimate and bona fide reason for revoking the visa. Even if resort to such evidence would be appropriate, that is a question we are not called upon in this case to decide.

**PETITION FOR REVIEW DENIED.**