NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILKIE PERKINS,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE L. ROLLINS, Secretary of the U.S. Department of Agriculture; UNITED STATES FOREST SERVICE; TOM SCHULTZ, Chief of the U.S. Forest Service,<br><br>          Defendants - Appellees. | No. 25-2489<br><br>D.C. No.<br>3:23-cv-08113-SMM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted March 3, 2026
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Appellant Silkie Perkins challenges the United States Forest Service's

decision to cancel her term grazing permit. This permit gave Appellant authorization

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

to graze cattle on the Antelope Allotment, a section of National Forest System lands, subject to certain terms and conditions set forth in allotment management plans and annual operating instructions. *See* 43 U.S.C. § 1752(a), (d). Under her 2021 Annual Operating Instructions (AOI), Appellant was instructed to remove her cattle from the allotment by April 30, 2021. After this date, however, the Forest Service uncovered evidence of unauthorized grazing by cattle bearing the brands of Appellant and her son on the Antelope Allotment and on the nearby Jerome Allotment. The Forest Service consequently canceled the permit on the grounds that Appellant was either directly involved in unauthorized grazing, or that unauthorized grazing by her son's cattle could be attributed to her. Appellant filed a complaint under the Administrative Procedure Act, and the district court granted summary judgment for the Defendants. On appeal, Appellant argues that the Forest Service's decision was arbitrary and capricious, an abuse of discretion, and contrary to law.

1. As a threshold matter, the appeal is not moot even though Appellant's permit expired by its own terms on December 31, 2025. The Supreme Court has held that a case will only become moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) (quoting *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)). But a "case remains live '[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation.'" *MOAC Mall*

*Holdings*, 598 U.S. at 295 (quoting *Chafin*, 568 U.S. at 172). In deciding mootness, we have held that a controversy remains live if "effective relief may still be available to counteract the effects of the violation." *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir. 2001) (quoting *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1245 (9th Cir. 1988)); *see also Noh v. INS*, 248 F.3d 938, 940 n.4 (9th Cir. 2001) (holding that an alien's petition for review was not moot even though his visa had already expired because "federal regulations permit a student visa holder to stay beyond his visa's expiration date to continue his education").

Appellant holds a concrete interest in the outcome of this appeal. Under 43 U.S.C. § 1752(c)(1), "the holder of the expiring permit or lease shall be given first priority for receipt of the new permit or lease." Although the statute also mandates that the permittee be "in compliance with the rules and regulations issued and the terms and conditions in the permit," *id.*, that precise issue is before us on appeal. It would be circular to say that Appellant's purported non-compliance takes away our jurisdiction to review the issue of her compliance.

The statute further provides for automatic continuation of the terms of an expired permit "until the date on which the Secretary concerned completes any environmental analysis and documentation for the permit or lease required under the National Environmental Policy Act of 1969." 43 U.S.C. § 1752(c)(2). If the permit cancellation was improper because Appellant complied with all rules and

3                                                                                          25-2489

requirements, she would thus be entitled to first priority for a new permit and would presumably have the right to graze her cows under the terms of the expired permit. Given the exacting burden of demonstrating mootness, this suffices as a concrete interest in the outcome of this appeal.

2. The permit cancellation was not arbitrary and capricious, an abuse of discretion, or contrary to law because substantial evidence supports the agency's finding that Appellant failed to comply with the terms and conditions of her permit, and a permittee's failure to comply with the terms and conditions is grounds for cancellation of the grazing permit. 43 U.S.C. § 1752(a); 36 C.F.R. § 222.4(a)(4).

Under the APA, courts can "set aside agency action, findings, and conclusions found to be [] arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "Agency action is arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *350 Mont. v. Haaland*, 50 F.4th 1254, 1263 (9th Cir. 2022) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Arbitrary and capricious review "is highly deferential, presuming the agency action to be valid." *Irvine Med. Ctr. v. Thompson*, 275 F.3d 823, 830–31

(9th Cir. 2002) (quoting *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000)).

Nevertheless, "we may not defer to an agency decision that 'is without substantial basis in fact.'" *Sierra Club v. U.S. EPA*, 346 F.3d 955, 961 (9th Cir. 2003) (quoting *Fed. Power Comm'n v. Fla. Power & Light Co.*, 404 U.S. 453, 463 (1972)), *opinion amended on denial of reh'g sub nom. Sierra Club v. U.S. EPA*, 352 F.3d 1186 (9th Cir. 2003). Agency factfinding is reviewed for "substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (citation omitted). In the administrative law context, "the threshold for such evidentiary sufficiency is not high" and only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103 (internal quotation marks and citation omitted).

Contrary to Appellant's claims, the Forest Service's factual determinations were supported by substantial evidence of unauthorized grazing by Appellant's cattle. The Forest Service relied on witness testimony that Appellant's cows frequently wandered onto the property of a cement plant adjacent to the grazed area, and that Appellant or her agents would retrieve the cattle when notified of the trespass. Although Appellant contends that she was never summoned to collect the

cows, the plant's visitor logs show that either Appellant, her son, or her employees entered the plant 22 times between April 29, 2021, and September 20, 2021. These logs contain descriptions like "Silky to get cattle" and "Silky (Cows) Perkins."

Because the plant immediately abutted the Jerome Allotment, an area discovered by the Forest Service to have been recently grazed even though grazing had not been authorized there since 2008, it was reasonable for the agency to conclude that Appellant had knowingly participated in unauthorized grazing on federal lands.

Moreover, the Forest Service did not abuse its discretion or act contrary to law by holding Appellant responsible for violations caused by her son's cattle. Appellant's 2021 AOI temporarily authorized her son's cattle to graze under the terms of her permit, from March 1, 2021, to April 30, 2021. An AOI is "made part of the grazing permit and governs the permit holder's grazing operations for the next year." *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 980 (9th Cir. 2006). In requesting the temporary permit, Appellant "made it clear that [her son] would not have any decision-making authority, and she had no intentions at that time to officially delegate any authority to him."

Appellant had a duty to ensure that her son's cattle were removed from the Antelope Hills Allotment and remained gone after April 30, 2021. Her responsibility for her son's cattle did not end when the grazing season ended. Moreover,

Appellant's son is not a stranger or a mere business associate. He is a close relative to whom she indicated she would eventually pass down the family ranching business. For that reason, it was not an abuse of discretion or contrary to law for the Forest Service to conclude that there was a sufficient nexus such that any unauthorized grazing by her son's cattle could be attributed to Appellant and considered as evidence that Appellant violated the terms of her permit.

**AFFIRMED.**