124 F.3d 1310
 31 Bankr.Ct.Dec. 632, Bankr. L. Rep. P 77,530,
97 Daily Journal D.A.R. 12,345
 In Re: PINTLAR CORPORATION; Gulf USA Corporation, Debtors.
PINTLAR CORPORATION; Gulf USA Corporation, Plaintiffs-Appellees,
v.
FIDELITY AND CASUALTY COMPANY OF NEW YORK; Continental
Insurance, Defendants-Appellants.
 No. 96-35586.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 9, 1997.
Decided Sept. 26, 1997
 
 Barry R. Ostrager, Simpson Thacher & Bartlett, New York City, for defendants-appellants.
 Richard W. Reinthaler, Richard B. Sypher, Dewey Ballantine, New York City, for plaintiffs-appellees.
 Appeal from the United States District Court for the District of Idaho; Edward J. Lodge, Chief District Judge, Presiding. D.C. No. CV-94-00555-EJL.
 Before: WRIGHT and SCHROEDER, Circuit Judges, and WILLIAM W SCHWARZER,* District Judge.
 EUGENE A. WRIGHT, Circuit Judge.
 
 
 1
 This appeal requires that we consider whether the liability portion of the directors and officers insurance policy at issue is "property of the estate" such that litigation concerning its scope must be stayed during bankruptcy proceedings. We conclude that it is not.
 
 BACKGROUND
 
 2
 Debtors Gulf USA and its subsidiary, Pintlar Corporation (together, "Gulf"), were the subjects of a Chapter 11 involuntary bankruptcy proceeding in the District of Idaho. Appellants Fidelity and Casualty Company and Continental Insurance Company (together, "Insurer") issued Gulf's directors and officers liability insurance. It provides two types of coverage: (1) liability and defense costs for directors and officers, and (2) reimbursement for the company's indemnification of directors and officers.
 
 
 3
 While its reorganization plan was pending, Gulf brought an adversary proceeding[1] against its former directors and officers for fraud, mismanagement, waste and civil conspiracy, alleging that they defrauded the estate's creditors by transferring its assets out of country. A Trust has been substituted as plaintiff in that action. Under the Trust Agreement, all proceeds of the suit will go to the estate's creditors.
 
 
 4
 In response to the creditors' suit, Insurer brought a declaratory judgment action against the directors and officers in Delaware state court,[2] seeking a declaration that the policy's "insured vs. insured" exclusion bars liability coverage for the directors and officers. Gulf then brought an adversary proceeding against Insurer in the Idaho bankruptcy court to enjoin the Delaware action under the Bankruptcy Code's automatic stay provision. The court granted the injunction, holding that the directors and officers policy is property of the debtor estate, and that litigation over its application is subject to the stay. The district court affirmed the injunction, and Insurer now appeals that order.
 
 
 5
 While this appeal was pending, the bankruptcy court ruled in a related action that the "insured vs. insured" provision does not bar coverage of the claims against the directors and officers. Gulf asserts that the bankruptcy court's resolution of that issue renders moot Insurer's appeal of the injunction staying the Delaware action, because the Delaware complaint relies solely on the insured vs. insured exclusion in arguing against coverage.
 
 
 6
 We have jurisdiction under 28 U.S.C. § 158(d). We hold that the appeal is not moot, but that the directors' and officers' liability coverage is not property of the estate. We reverse with instructions to vacate the stay.
 
 ANALYSIS
 
 7
 * Gulf contends that the bankruptcy court's summary judgment order regarding the insured vs. insured provision has a res judicata[3] effect on the Delaware action, so that even if the stay is lifted, there can be no further litigation of that issue. It argues that lifting the stay will not offer Insurer any relief.
 
 
 8
 A case is moot only if interim events have "completely and irrevocably eradicated the effects of" an allegedly improper ruling. Wong v. Dept. of State, 789 F.2d 1380, 1384 (9th Cir.1986). The party asserting mootness has a heavy burden to establish that there is no effective relief remaining for a court to provide. Northwest Environmental Defense Center v. Gordon, 849 F.2d 1241, 1244-45 (9th Cir.1988).
 
 
 9
 Gulf has not met its burden to show mootness. First, it does not establish that the bankruptcy court's interlocutory order would have preclusive effect. An order granting a motion for partial summary judgment is an interlocutory order. See St. Paul Fire & Marine Ins. Co. v. F.H., 55 F.3d 1420, 1425 (9th Cir.1995). Delaware law applies to this issue. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 381-82, 105 S.Ct. 1327, 1332-33, 84 L.Ed.2d 274 (1985). Gulf cites no Delaware cases in its brief, and no federal case on which it relies holds that an interlocutory order has a preclusive effect in an unrelated action.
 
 
 10
 Second, the Delaware action raises additional issues not decided in the bankruptcy court's summary judgment order. At most, the order could preclude relitigation of the insured vs. insured exclusion. In no event could the order preclude the many counterclaims and affirmative defenses. If the stay were lifted, the Delaware court could resolve those issues. A ruling in Insurer's favor on any of the counterclaims would grant it complete relief.
 
 
 11
 Gulf argues that Insurer lacks a valid interest in resolving the counterclaims, and that the possibility of obtaining relief must be assessed strictly with reference to Insurer's own complaint. We disagree. Once the defendants in the Delaware action counterclaimed, those issues became part of the case. Even if the defendants attempted to have their counterclaims dismissed voluntarily, there is no guarantee that the court would permit them to do so without prejudice. See Fed.R.Civ.P. 41(a)(2). Insurer may wish to have the additional issues resolved in Delaware state court, its chosen forum.
 
 
 12
 Because lifting the stay could offer Insurer relief, we deny the motion to dismiss the appeal as moot.
 
 II
 
 13
 The Bankruptcy Code stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Its purpose is to "prevent[ ] dismemberment of the estate, ensure[ ] orderly liquidation, and grant[ ] the trustee time to familiarize himself with the various rights and interests involved and the property available for distribution." In re Granite Partners, L.P., 194 B.R. 318, 336 (Bankr.S.D.N.Y. 1996)(citing S.Rep. No. 95-989, 95th Cong., 1st Sess. 82 (1978), reprinted in 1978 U.S.C.C.A.N. 5787). The stay ends when "property is no longer property of the estate." 11 U.S.C. § 362(c)(1).
 
 
 14
 "Property of the estate" includes "all legal or equitable interests of the debtor in property." 11 U.S.C. § 541(a)(1). We have held that interests are "property of the estate" if "the debtor's estate is worth more with them than without them." In re Minoco Group of Companies, Ltd., 799 F.2d 517, 519 (9th Cir.1986). Minoco stayed an action by an Insurer to cancel a debtor's directors and officers policy outright. The court found the policy to be property of the estate because the estate was worth more with indemnification coverage than without it.
 
 
 15
 Here, the bankruptcy court applied this test and found that the estate would be worth more with the directors and officers coverage than without it. Unlike the situation in Minoco, however, the declaratory action threatens only the liability portion of the directors and officers coverage; it will not determine Gulf's right under the indemnification portion. The bankruptcy court identified two ways in which the estate could be affected by the Delaware action:
 
 
 16
 First, if the former officers and directors are denied coverage, the debtor will have greater difficulty collecting damages from them. Second, there is a substantial likelihood the adversary proceeding [against the officers and directors] will result in an obligation on the part of the debtors to indemnify the former officers and directors for at least some of their legal expenses resulting from the adversary proceeding. If the Insurers are successful in their [Delaware] declaratory judgment action, the action would have a res judicata effect on the debtors' claim of insurance coverage for such indemnity.
 
 
 17
 In re Pintlar, 175 B.R. 379, 385 (Bankr.D.Idaho 1994)
 
 
 18
 Neither reason suffices. First, the creditors' litigation trust has been substituted as plaintiff in the action against the directors and officers. That it might have difficulty in collecting damages from those defendants does not warrant interfering with Insurer's right to pursue legal remedies in the forum of its choice. The trust's prospects for recovery, the directors' and officers' claims for coverage, and Insurer's right to litigate coverage all implicate interests independent of the debtor's.
 
 
 19
 Second, and contrary to the bankruptcy court's conclusion, the Delaware action will not have a res judicata effect on litigation concerning the scope of Gulf's indemnification coverage. Gulf is neither a party nor in privity with a party to the Delaware action. See Bradley v. Division of Child Support Enforcement, 582 A.2d 478, 480 (Del.1990). That judgment will have persuasive value in any subsequent action involving Gulf's coverage, but will not be controlling.
 
 
 20
 We hold that the persuasive effect of a judgment involving third parties does not have a sufficient potential impact on the value of the estate to fall under the Bankruptcy Code's stay provision.
 
 
 21
 In light of our conclusion that Minoco does not support the stay, we need not consider whether we may or should adopt the reasoning of In re Louisiana World Exposition, Inc., 832 F.2d 1391 (5th Cir.1987)(distinguishing between a policy itself, which is unquestionably property of the estate, and its proceeds, which require fact-specific analysis).
 
 CONCLUSION
 
 22
 We reverse and remand with instructions to vacate the order enforcing the stay.
 
 
 23
 REVERSED and REMANDED.
 
 
 
 *
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 [1]
 In re Pintlar/Goodson v. Rowland, Nos. 96-36062, 96-36063
 
 
 [2]
 Fidelity & Casualty Co. of New York v. David Rowland, Civ. No. 13443 (Del. Ch.)
 
 
 [3]
 The parties use the terms "res judicata" and "collateral estoppel" interchangeably. We need not determine which doctrine applies