NOT FOR PUBLICATION

**FILED**

FEB 3 2021

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>PETER CONTINI,<br>　　　　　　Debtor. | BAP No.  NV-19-1322-LBF<br><br>Bk. No. 3:19-bk-50986-BTB |
| PETER CONTINI,<br>　　　　　　Appellant,<br>v.<br>UNITED STATES TRUSTEE, RENO;<br>WILLIAM ALBERT VAN METER,<br>CHAPTER 13 TRUSTEE; RUSHMORE LOAN<br>MANAGEMENT SERVICES, LLC; CLEAR<br>RECON CORPORATION; U.S. BANK<br>N.A., TRUSTEE FOR THE RMAC TRUST SERIES<br>2016-CTT; U.S. BANK NATIONAL<br>ASSOCIATION; MERRICK BANK;<br>PREMIER BANKCARD, LLC;<br>QUANTUM3 GROUP LLC, AS AGENT FOR<br>GPCC I LLC; MIDLAND FUNDING LLC;<br>CAVALRY INVESTMENTS, LLC,<br>　　　　　　Appellees. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court

---

　　* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

Before: LAFFERTY, BRAND, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Peter Contini ("Debtor") appeals the bankruptcy court's order granting the chapter 13[1] trustee's ("Trustee") motion to dismiss his case for failures to file schedules and a plan, turn over tax returns and financial documentation, and appear at his § 341 meeting of creditors.

We AFFIRM.

## FACTS[2]

Debtor filed a chapter 13 petition on August 21, 2019. Schedules, statements, and a plan were due by September 4, 2019. On that date, Debtor filed a motion for a 14-day extension of time to file the required documents. Although he served the motion on Trustee and the United States Trustee as required by Rule 1007(c), he did not set the matter for hearing, and the bankruptcy court never ruled on it. Debtor did not file the

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] The Panel waived the requirement of Rule 8018(b) that Appellant file and serve an appendix to the brief containing excerpts of the record. We therefore exercise our discretion to take judicial notice of documents electronically filed in the bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

required documents by the proposed extended deadline, or at any time thereafter.

On October 15, 2019, Trustee filed a motion under § 1307 to dismiss Debtor's case, citing Debtor's failures to: (1) file a plan, schedules, and statements; (2) provide tax returns required under § 1308; (3) provide Trustee with requested financial documentation; and (4) appear at the first meeting of creditors. Trustee served the motion on Debtor, along with a notice setting the matter for hearing on November 14, 2019. Debtor did not file an opposition, nor did he appear at the scheduled hearing. The bankruptcy court thereafter entered an order dismissing the case ("Dismissal Order"), and Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). Subject to the discussion below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Is this appeal moot?

Did the bankruptcy court abuse its discretion in dismissing Debtor's chapter 13 case?

## STANDARD OF REVIEW

We review the bankruptcy court's order dismissing a chapter 13 bankruptcy case for abuse of discretion. *Ellsworth v. Lifescape Med. Assocs.,*

*P.C. (In re Ellsworth)*, 455 B.R. 904, 914 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or not supported by the record. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. This appeal is not moot.**

"An appeal is moot if it is impossible to fashion effective relief." *Ederel Sport, Inc. v. Gotcha Int'l L.P. (In re Gotcha Int'l L.P.)*, 311 B.R. 250, 253-54 (9th Cir. BAP 2004) (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992); and *Platinum Capital, Inc. v. Sylmar Plaza, L.P. (In re Sylmar Plaza, L.P.)*, 314 F.3d 1070, 1074 (9th Cir. 2002)). The burden is on the party asserting mootness to establish that there is no effective relief that the court can grant. *Id.* at 254 (citing *Pintlar Corp. v. Fid. & Cas. Co. of N.Y. (In re Pintlar Corp.)*, 124 F.3d 1310, 1312 (9th Cir. 1997)).

Trustee contends that this appeal is moot because § 521(i)(1) provides that if the information required under subsection (a)(1) of that statute is not filed within 45 days after the petition date, the case shall be automatically dismissed effective on the 46th day. As such, he contends that even if this Panel were to reverse the Dismissal Order, it would provide no relief to Debtor because he failed to meet the 45-day deadline, and thus his case is subject to automatic dismissal.

4

Trustee acknowledges that in the Ninth Circuit, bankruptcy courts retain discretion to waive the § 521(a)(1) filing requirements even after the 45-day filing deadline set forth in § 521(i)(1) has passed. *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1117 (9th Cir. 2009). But Trustee argues that the record in this case reflects no basis for the bankruptcy court to waive the filing requirements. While true, it is at least possible (even if unlikely) that if we found a basis to reverse the Dismissal Order, the bankruptcy court could exercise its discretion to waive those requirements. Accordingly, Trustee has not met his burden to show that we could not grant effective relief.

## B. The bankruptcy court did not abuse its discretion in granting Trustee's motion to dismiss.

Section 1307(c) authorizes the bankruptcy court to dismiss a chapter 13 case for cause, including: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) failure timely to file a plan; and (3) failure to commence timely plan payments. Additionally, § 521(e)(2) permits dismissal of a case if a debtor fails to provide the trustee with certain tax returns within seven days of the § 341 hearing. Failure to attend the § 341(a) meeting of creditors may also be cause for dismissal. *Sill v. Glaze (In re Sill)*, BAP Nos. CC–17–1300–SKuL and CC–17–1312–SKuL, 2018 WL 2728836, at *4 (9th Cir. BAP June 8, 2018); *Oliver v. United States Tr. (In re Oliver)*, BAP No. CC–11–1482–PaKiRn, 2012 WL 5232201, at *4 (9th Cir. BAP Oct. 23, 2012). Given Debtor's multiple failures to comply with the

5

requirements of the Bankruptcy Code and his failure to respond to Trustee's motion to dismiss or to appear at the hearing thereon, the bankruptcy court did not abuse its discretion in dismissing his case.

Debtor argues that the bankruptcy court erred in dismissing his case because it did not rule on his extension motion before doing so. He also argues that dismissal was improper because the motion to dismiss was "vague" as to what documents were requested and when. He states that he was unable to present his arguments to the bankruptcy court because his extension motion was never heard, so he was deprived of due process. And in his reply brief, he contends that no hearing was held on the motion to dismiss.[3]

In Debtor's reply brief, he completely misconstrues the filing requirements. He notes that § 1321 contains no time limit for filing a plan. But Rule 3015 (which was referenced in the Notice of Incomplete And/Or Deficient Filing served on Debtor on August 23, 2019) requires the plan to be filed within 14 days of the petition. He also misconstrues § 1326, which requires plan payments to commence not later than 30 days after the date of filing the plan or the order for relief, whichever is earlier. Debtor contends that neither the filing of a plan nor the order for relief occurred in his case. But the filing of his voluntary chapter 13 petition constituted an order for relief under that chapter. § 301.

---

[3] The record is unclear on this point. No hearing minutes or transcript appear on the bankruptcy court docket, but the Dismissal Order references the hearing date and

Next, Debtor states that his case should not have been dismissed for failure to provide Trustee with his federal income tax returns because he did not file any.

Debtor's arguments are unavailing. He made none of these arguments to the bankruptcy court, and we are not required to consider them. *See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (Panel generally declines to consider arguments not raised before the bankruptcy court). But even if we consider those arguments, they do not support reversal of the Dismissal Order.

First, on this record, the fact that the bankruptcy court did not rule on Debtor's extension motion does not constitute grounds for reversal of the Dismissal Order. Second, Debtor does not contend that he failed to receive notice of the Trustee's motion to dismiss; accordingly, he was not denied due process. He could have filed an opposition to Trustee's motion or, at a minimum, appeared at the scheduled hearing to explain to the court why he could not timely comply with the filing and other requirements. He did not do so. Accordingly, Debtor has established no basis for reversing the Dismissal Order.

## CONCLUSION

For these reasons, we AFFIRM.

---

states that the court heard arguments and comments.