Before: BROWNING, B. FLETCHER, and SILVERMAN, Circuit Judges.

ORDER *

This appeal is dismissed as moot. Appellant did not seek a stay of the underlying adversary proceedings in which appellant sought to intervene. The parties have settled the adversary proceedings and the case has been dismissed.

**DISMISSED.**

**Raul GONZALEZ, Jr., Plaintiff—Appellant,**

v.

**Chandra SPENCER; Franscell, Strickland, Roberts & Lawrence, a Professional Corporation; Los Angeles County, Defendants—Appellees.**

No. 00–55935.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided May 13, 2003.*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Published in full at 2003 WL 21674704.

Before: HALL, KOZINSKI and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

"A case is moot only if interim events have 'completely and irrevocably eradicated the effects of' an allegedly improper ruling." *In re Pintlar Corp.*, 124 F.3d 1310, 1312 (9th Cir.1997) (quoting *Wong v. Dep't of State*, 789 F.2d 1380, 1384 (9th Cir.1986)). In light of the settlement, Gonzalez no longer faces a significant prospect of illegal inspection or disclosure. The settlement does not, however, affect Gonzalez's claims for damages based on past conduct.

■ Spencer acted under color of state law. She was retained to represent state entities and their employees in litigation. She inspected Gonzalez's file in the course of that representation, and used her status to gain access to the file. Her role was analogous to that of a state prosecutor rather than a public defender, because she acted on behalf of the state rather than as its adversary. *See Polk County v. Dodson*, 454 U.S. 312, 323 n. 13, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

■ Spencer was not "[c]ourt personnel" for purposes of California Welfare & Institutions Code § 827(a)(1)(A). She was not a court employee and did not perform functions routinely performed by court employees. Rather, she was an outside service provider retained to represent the court with respect to its pecuniary interests. *Michael v. Gates*, 38 Cal.App.4th 737, 45 Cal.Rptr.2d 163 (1995), is not on

point. The statute at issue there placed rights to LAPD personnel files in the LAPD as an institution. The privilege to the files belonged to the LAPD itself as well as the individual officers. *See id.* at 744, 45 Cal.Rptr.2d 163. Neither the juvenile court nor its personnel were entitled to share Gonzalez's case file with counsel simply to protect their own pecuniary interests.

Spencer therefore had to get court permission before inspecting Gonzalez's file. State law required her to petition the juvenile court. *See* Cal. Welf. & Inst.Code § 827(a)(1)(M); Cal. Rules of Court 1423(b). Although the district court could have ordered disclosure notwithstanding state law, the file was still presumptively protected until it did. *See* 23 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* § 5428, at 817 (1980) ("[E]ven in cases where federal law applies, constitutional and prudential considerations suggest that courts should carefully assess any attempt to compel disclosure of confidential juvenile court [files]."). Spencer could not inspect the file on her own initiative on the theory that she could have obtained permission, had she asked. *Cf. United States v. Echegoyen*, 799 F.2d 1271, 1280 n. 7 (9th Cir.1986) ("[T]o excuse the failure to obtain a warrant merely because the officers had probable cause and could have ... obtained a warrant would completely obviate the warrant requirement...."). Nor could the district court authorize her search retroactively. If Spencer violated Gonzalez's constitutional rights, he is entitled at least to nominal damages, even if Spencer could have obtained the documents lawfully. *See Wilks v. Reyes*, 5 F.3d 412, 416 (9th Cir.1993).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Spencer is not entitled to qualified immunity. She is a private party, not a government employee, and she has pointed to "no special reasons significantly favoring an extension of governmental immunity" to private parties in her position. *See Richardson v. McKnight,* 521 U.S. 399, 412, 117 S.Ct. 2100, 138 L.Ed.2d 540 (1997).

Gonzalez's claims were not estopped or waived by his mere pursuit of the lawsuit or his failure to object immediately when Spencer first disclosed the file. He did not take "inconsistent positions" with respect to the file's confidentiality, *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 601 (9th Cir.1996) (internal quotation marks omitted), nor did he voluntarily "relinquish[ ] . . . a known right," *Yoshida v. Liberty Mut. Ins. Co.,* 240 F.2d 824, 829 (9th Cir.1957).

The district court's dismissal of the damages claims is reversed. The injunctive claims are dismissed as moot. The case is remanded for further proceedings consistent with this memorandum.

**REVERSED in part, DISMISSED in part and REMANDED. Costs to appellant.**

WILLIAM A. FLETCHER, Circuit Judge, dissenting.

I respectfully dissent.

Gonzalez filed a § 1983 action against attorney Spencer, her law firm, and the County of Los Angeles alleging that the defendants violated his constitutional right to privacy when Spencer gained access to his juvenile court case file and used it in two depositions without first petitioning the juvenile court. At the time of the alleged constitutional violation, Gonzalez had a pending § 1983 suit in which Spencer and her firm represented the juvenile court. The two depositions in question were taken during pretrial proceedings in that earlier suit. Gonzalez contends that California Welfare and Institutions Code § 827 and California Rule of Court 1423 required Spencer to petition the juvenile court in order to obtain access to his file.

Section 827(a)(1) provides, in pertinent part, "[A] [juvenile] case file may be inspected only by the following: (A) Court personnel." I read this section to include attorneys representing the court in the category of "court personnel" who may "inspect" juvenile court case files without first filing a petition with a judge of that court. Section 827(a)(2) provides, in pertinent part, "[J]uvenile case files . . . shall be released to the public pursuant to an order by the juvenile court after a petition has been filed and interested parties have been afforded an opportunity to file an objection." I do not read this section to require a petition when the file is only to be used in depositions of a court employee and of Gonzalez himself, in litigation in which the juvenile court is itself involved.

Rule 1423(b) provides, in pertinent part: "Only those persons specified in sections 827 and 828 may inspect juvenile court records without authorization from the court." I do not read Rule 1423 to require prior judicial authorization of Spencer's access to Gonzalez's juvenile court case file because I read "court personnel" in § 827(a) to include Spencer.

I am assisted in my reading of § 827 and Rule 1423 by *Michael v. Gates,* 38 Cal.App.4th 737, 45 Cal.Rptr.2d 163 (1995), in which a California Court of Appeal interpreted analogous provisions of California law governing confidentiality of police personnel records. The relevant statutes in *Michael* were California Penal Code § 832.7 and Evidence Code § 1043. Section 832.7(a) provides, "Peace officer personnel records . . . are confidential and shall not be disclosed by the department

or agency that employs the peace officer in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code." Evidence Code § 1043 requires prior judicial or administrative authorization for discovery or disclosure of police officer personnel records.

Unlike § 827 and Rule 1423, Penal Code § 832.7 and Evidence Code § 1043 contain no language excluding any category of person from their requirements. Insofar as the explicit text of these statutes provides, all people seeking access to confidential police personnel records are required to seek judicial or administrative authorization before any discovery or disclosure of the records. The court in *Michael* nonetheless held that an attorney representing the Los Angeles Police Department who reviewed the confidential file of a police officer suing the department violated neither Penal Code § 832.7 nor Evidence Code § 1043. In the analogous context of our case, I conclude that a California court would find that an attorney representing the juvenile court may review court files containing information relevant to that representation. Even if § 827 did not contain explicit authorization for "court personnel" to inspect court files relevant to litigation in which the court is involved, I would read *Michael* to authorize such inspection. In fact, however, § 827 goes beyond the statutes in *Michael* and explicitly authorizes inspection by "court personnel."

Whether an attorney representing the juvenile court may use a court file in depositions, without first obtaining authorization from a judge of that court, is not addressed by *Michael.* I conclude that § 827 and Rule 1423 were not violated in this case, where information from Gonzalez's juvenile court case file was used only in depositions of a court employee and of Gonzalez himself. The clear concern of § 827 and Rule 1423 is that confidential information contained in a juvenile court case file not be released to the general public unless there has been authorization by a judge of the juvenile court. Section 827(a)(2) is explicit: "[J]uvenile case files . . . shall be released *to the public* pursuant to an order by the juvenile court after a petition has been filed and interested parties have been afforded an opportunity to file an objection." (Emphasis added.) In this case, the only release of information from Gonzalez's juvenile court case files took place during the two depositions conducted in connection with Gonzalez's underlying § 1983 case. The first deponent was a court employee, who, as "court personnel" under § 827(a)(1)(A), is entitled to "inspect" the file. The other deponent was Gonzalez himself, who can hardly be considered a member of the public for purposes of § 827 and Rule 1423.

The sum total of the Gonzalez's case is that Spencer inspected his juvenile court file while representing the juvenile court in the course of defending against his earlier § 1983 suit, and that Spencer used information from the file in deposing a court employee and Gonzalez himself. I would hold that, in those circumstances, Spencer violated neither § 827 nor Rule 1423. Because Spencer did not violate the provisions of either § 827 or Rule 1423, she could not have violated any federal constitutional right of privacy based on a settled expectation arising out of state law.