**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMONIA RIGSBY; J.R., a minor Guardian Ad Litem Armonia Rigsby,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>COUNTY OF LOS ANGELES, a subdivision of the State of California; DEBORAH DE LA PARRA, individually and in capacities with the County of Los Angeles Department of Childrens Services; KARY IKEMOTO, individually and in capacities with the County of Los Angeles Department of Childrens Services,<br><br>        Defendants - Appellees. | No. 11-56473<br><br>D.C. No. 2:11-cv-02766-SJO-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and FISHER, Circuit Judges, and GWIN, District Judge.[**]

Plaintiffs-Appellants, Armonia Rigsby and her minor son J.R. ("Plaintiffs"), appeal the district court's grant of summary judgment on their 42 U.S.C. § 1983 claim in favor of Defendants-Appellees, the County of Los Angeles and two County social workers ("Defendants"). Plaintiffs contend that Defendants accessed information from J.R.'s juvenile court record and included that information in a report prepared for a separate juvenile proceeding. Plaintiffs assert that under *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003), Defendants' use of information from J.R.'s juvenile court record violates their federal right to privacy.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo*. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1103 (9th Cir. 1998). We affirm.

Assuming arguendo that Plaintiffs' privacy rights were violated, Defendant social workers are entitled to qualified immunity because the rights that Plaintiffs seek to protect were not clearly established at the time of the alleged misconduct. *Gonzalez* did not address the access of juvenile court records by social workers,

---

[**] The Honorable James S. Gwin, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

2

nor did it address the disclosure of juvenile court records to third parties. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 976 (9th Cir. 2004) (concluding that right was not clearly established because the Ninth Circuit and Supreme Court had never squarely addressed the alleged right).

Further, there is no triable issue of material fact concerning Plaintiffs' claim against the County under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). It is undisputed that Plaintiffs did not present any evidence to demonstrate that the County is liable for constitutional deprivations committed pursuant to a governmental policy or custom. Plaintiffs contend that they did not have discovery on this issue, but they failed to request such discovery to oppose Defendants' motion for summary judgment.

AFFIRMED.