**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANGELINA NUNES, individually and
as Guardian Ad Litem for her minor
children D.X. and L.X.; D.X., a
minor; L.X., a minor; EMANUEL
ALVES,

*Plaintiffs-Appellees,*

v.

ARATA, SWINGLE, VAN EGMOND &
GOODWIN (PLC); BRAD J. SWINGLE;
AMANDA J. HEITLINGER,
*Defendants-Appellants,*

and

CARRIE STEPHENS; COUNTY OF
STANISLAUS,
*Defendants.*

No. 19-16815

D.C. No.
1:19-cv-00204-
AWI-BAM

| | |
|---|---|
| ANGELINA NUNES, individually and as Guardian Ad Litem for her minor children D.X. and L.X.; D.X., a minor; L.X., a minor; EMANUEL ALVES, | No. 19-16816 |
| *Plaintiffs-Appellees,* | D.C. No. 1:19-cv-00204-AWI-BAM |
| v. | OPINION |
| CARRIE STEPHENS; COUNTY OF STANISLAUS, | |
| *Defendants-Appellants,* | |
| and | |
| ARATA, SWINGLE, VAN EGMOND & GOODWIN (PLC); BRAD J. SWINGLE; AMANDA J. HEITLINGER, | |
| *Defendants.* | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted July 14, 2020
San Francisco, California

Filed December 29, 2020

Before:  Richard C. Tallman and Danielle J. Hunsaker, Circuit Judges, and Roslyn O. Silver,[*] District Judge.

Per Curiam Opinion;
Concurrence by Judge Hunsaker

## SUMMARY[**]

### Civil Rights

The panel reversed the district court's denial of a motion to dismiss on qualified immunity grounds, and remanded, in an action brought under 42 U.S.C. § 1983 against the County of Stanislaus and its attorneys for unlawfully viewing the juvenile records of D.X. and L.X. in violation of California Welfare & Institutions Code Section 827.

Plaintiffs sued defendants for unlawfully accessing the children's juvenile records without first obtaining a court order from the juvenile court, as required under California Welfare & Institutions Code Section 827.  County Counsel believed W&I § 827 did not require court authorization to access the records and disclose them to the County's outside counsel in a related lawsuit.

The panel held that this court's opaque opinion in *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), did not

---

[*] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

clearly establish a constitutional privacy right in juvenile records. Therefore, the panel could not conclude that every reasonable official acting as defendants did would have known they were violating the constitutional rights of plaintiffs based on *Gonzalez*, the only authority on which plaintiffs relied. The panel did not decide whether the Constitution provides a privacy right in juvenile records; rather, the panel decided only that no such right was clearly established at the time of the defendants' alleged conduct. Therefore, defendants were entitled to qualified immunity.

Concurring, Judge Hunsaker, joined by Judge Silver, wrote separately to emphasize one point—that an en banc court should reconsider *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), and address in earnest whether there exists a constitutional right to privacy in juvenile records.

---

## COUNSEL

Jesse M. Rivera (argued) and Jill B. Nathan, Rivera Hewitt Paul LLP, Gold River, California; Michael R. Mordaunt (argued) and Lori Reihl, Riggio Mordaunt & Kelly, Stockton, California; for Defendants-Appellants.

Robert R. Powell (argued), Powell & Associates, San Jose, California, for Plaintiffs-Appellees.

## OPINION

PER CURIAM:

Angelina Nunes, individually and as Guardian Ad Litem for her minor children D.X. and L.X., and Emanuel Alves[1] (Plaintiffs) brought the present action under 42 U.S.C. § 1983 against the County of Stanislaus (County) and its attorneys for unlawfully viewing the juvenile records of D.X. and L.X. in violation of California Welfare & Institutions Code Section 827.  The district court denied the Defendants' motion to dismiss on qualified immunity grounds. For the reasons set forth below, we reverse.

## I.  BACKGROUND

### A.  The Parties

Plaintiffs brought suit against the (1) County, (2) County Counsel Carrie Stephens (County Counsel), (3) the County's outside law firm Arata, Swingle, Van Egmond & Goodwin (ASVG), and (4) two attorneys from ASVG—Brad Swingle and Amanda Heitlinger.[2] For purposes of the present appeal, the County and County Counsel are represented by the same attorneys, and ASVG (including Swingle and Heitlinger) is represented by separate attorneys. Each filed an appeal resulting in two Court of Appeals case numbers. We resolve both appeals in this consolidated opinion.

---

[1] Alves is the biological father of L.X.

[2] Outside counsel, including both the law firm and attorneys Swingle and Heitlinger, are collectively referred to as ASVG.

## B.  The Separation Case

Prior to July 2016, the County's Community Services Agency (CSA) began a child abuse investigation related to D.X. and L.X. after L.X., then five-months old, suffered a skull fracture. D.X. and L.X. were separated from Nunes and Alves. Plaintiffs filed a civil rights lawsuit against the County challenging the separation (Separation Case). ASVG represented the County in the Separation Case. During that litigation, County Counsel provided ASVG with D.X. and L.X.'s juvenile records.

## C.  Present Lawsuit

In this case, Plaintiffs sued all Defendants for unlawfully accessing the children's juvenile records without first obtaining a court order from the juvenile court, as required under California Welfare & Institutions Code Section 827 (W&I § 827). County Counsel believed W&I § 827 did not require court authorization to access the records and disclose them to the County's outside counsel. In addition, Plaintiffs allege that the juvenile records contained medical records of L.X., which are subject to additional protection under the Health Insurance Protection and Accountability Act ("HIPAA").

After Plaintiffs learned about the disclosure to ASVG, they filed the present § 1983 lawsuit against Defendants, arguing that the disclosure violated Plaintiffs' state and federal constitutional rights to privacy and L.X.'s medical privacy rights. Specifically, Plaintiffs brought two claims for relief. First, Plaintiffs sought § 1983 relief from a violation of their "right to privacy and/or state and federal constitutional rights in keeping the juvenile records and/or case files related to their family and their involvement with the Community Services Agency private and confidential."

Second, Plaintiffs brought *Monell*[3] claims against the County based on its custom and policy of allowing its in-house counsel and outside counsel to unlawfully access juvenile records without judicial authorization.[4]

## D.  Procedural Background

The County defendants and ASVG filed separate motions to dismiss, each asserting a qualified immunity defense. The district court noted that Plaintiffs' complaint did not identify which constitutional provision was allegedly violated, and it evaluated Plaintiffs' claims under the Fourth and Fourteenth Amendments. The district court denied qualified immunity for all Defendants with respect to a Fourth Amendment privacy claim based on a violation of W&I § 827. The district court held that the dissenting opinion in *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), clarified the Fourth Amendment right implicated by a W&I § 827 violation. It also concluded that *Gonzalez* found a viable Fourth Amendment claim when the attorney defending Los Angeles County wrongfully accessed a juvenile case file in violation of W&I § 827. But the district court dismissed the Plaintiffs' claims to the extent they were premised on the Fourteenth Amendment. Defendants appealed the denial of qualified immunity, and we have

---

[3] *Monell v. Dep't of Soc. Servs. of. N.Y.C.*, 436 U.S. 658, 694 (1978) (holding local governments can be liable under § 1983 for customs or policies that result in constitutional deprivations).

[4] "[U]nlike various government officials, municipalities do not enjoy immunity . . . under § 1983." *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166 (1993). Thus, this ruling does not affect Plaintiffs' *Monell* claim against the County, which is still pending before the district court.

jurisdiction under 28 U.S.C. § 1291. *Behrens v. Pelletier*, 516 U.S. 299, 307, 311 (1996).

## II.  DISCUSSION

We review denial of a motion to dismiss under Rule 12(b)(6) de novo. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010). Qualified immunity is an affirmative defense that shields public officials facing liability under 42 U.S.C. § 1983 unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time" of the violation. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks and citation omitted). We have discretion to decide which question to consider first, and this case turns on the clearly-established-right inquiry.[5] *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## A.  Clearly Established Right

A right is clearly established when its "contours [are] sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (per curiam) (internal quotation marks and citation omitted). A clearly established right is one that has a "sufficiently clear foundation in then-existing precedent." *Wesby*, 138 S. Ct. at 589. That is, the rule must be "settled law," meaning it is "dictated by controlling authority or a robust consensus of cases of persuasive authority." *Id.* at 589–90 (internal quotation marks and citations omitted). There need not be a

---

[5] Our analysis is confined to whether *Gonzalez* clearly established that a violation of W&I § 827, as alleged here, violates Plaintiffs' rights under the *Fourth Amendment*.

"case directly on point," but existing precedent must place the statutory or constitutional question "beyond debate." *Kisela*, 138 S. Ct. at 1152 (internal quotation marks and citation omitted). The Supreme Court has repeatedly instructed us not to define clearly established law at a high level of generality. *Id.* ("This Court has repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality." (quoting *City & Cnty. of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1775–76 (2015)) (internal quotation marks omitted)).

"[S]pecificity is especially important in the Fourth Amendment context, where the Court has recognized that it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts." *Id.* (internal quotation marks and citation omitted). In *Kisela*, the alleged constitutional violation was excessive force—an area where the outcome is highly fact-dependent. *Id.* at 1152–53. We acknowledge that this case presents a different scenario than those where officers are forced to make "split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving." *Id.* at 1152 (internal quotation marks and citation omitted). But the underlying question remains the same: Did Defendants' conduct violate a clearly established constitutional right of the Plaintiffs?

## B.  Gonzalez v. Spencer

Plaintiffs rely solely on *Gonzalez* in arguing that Defendants' conduct violated a clearly established right. In *Gonzalez*, while defending Los Angeles County in a civil rights suit brought by Raul Gonzalez, the County's attorney accessed Gonzalez's juvenile court file without notifying him and without obtaining authorization from the juvenile

court as required under W&I § 827(a)(1)(M) and Cal. Rules of Court 1423(b). 336 F.3d at 834. The County's attorney used the juvenile records to cross-examine Gonzalez at his deposition. *Id.* In a split decision, the per curiam majority wrote a two-page opinion.**[6]** Without identifying a specific constitutional right at issue, or conducting any analysis, the court concluded:

> If [the County attorney] violated Gonzalez's constitutional rights, he is entitled at least to nominal damages, even if [the attorney] could have obtained the documents lawfully.
>
> Because [the attorney] improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether [the attorney]'s use of Gonzalez's file in depositions also violated his constitutional rights.

*Id.* at 835 (internal citation omitted). And without any further discussion of the right that was potentially violated, the court held that the County attorney was not entitled to qualified immunity. *Id.*

As the district court noted, "the majority opinion does not explain why a violation of W&I § 827 was sufficient to constitute a violation of the Fourth Amendment." Order on Defs.' Mot. To Dismiss, *Nunes v. Stephens*, No. 1:19-CV-0204 AWI BAM, at 10 (E.D. Cal. Aug. 22, 2019). Indeed, the *Gonzalez* majority did not even specify that Fourth Amendment rights were at issue. That is gleaned only from

---

**[6]** *Gonzalez* was originally issued as a memorandum disposition but was later published after two requests for publication.

the dissenting opinion. *See Gonzalez*, 336 F.3d at 836 ("Gonzalez contends that [the attorney]'s access to and use of his juvenile court case file constituted a violation of the Fourth Amendment.") (W. Fletcher, J., dissenting). Nor does *Gonzalez* discuss or cite to any Supreme Court or Ninth Circuit precedent regarding constitutional privacy rights in juvenile records specifically or informational privacy rights generally. *See* 336 F.3d at 832–35.

Lastly, a strong indication that *Gonzalez* did not clearly establish any constitutional privacy rights regarding juvenile records is its treatment in the district courts. In *A.C. v. Cortez*, the district court held that *Gonzalez* did not establish a federal right to privacy. 398 F. Supp. 3d 748, 752 (S.D. Cal. 2019), *appeal docketed*, No. 19-55895 (9th Cir. Aug. 1, 2019). The *A.C.* court followed the reasoning of two unpublished district court cases that reached the same conclusion. *Ismail v. Fulkerson*, No. SA CV 10-00901-VBF-AJW, 2014 WL 3962488 (C.D. Cal. Aug. 12, 2014), and *Rigsby v. County of Los Angeles*, No. CV 11-02766 SJO (PJWx), 2011 WL 13143544 (C.D. Cal Aug. 2, 2011), *aff'd*, 531 F. App'x 811 (9th Cir. 2013).

In *A.C.*, the district court noted: "This remains an underdeveloped area of federal law . . . . Nevertheless, the Court finds the debatable holding of one case does not establish a current constitutional right to privacy covering juvenile records." 398 F. Supp. 3d at 750. In *Ismail*, the court found that *Gonzalez* "did not address or definitively determine the existence or scope of any constitutional informational privacy right." 2014 WL 3962488, at *11. The *Ismail* court also noted, as do we, that *Gonzalez* failed to cite to Supreme Court or Ninth Circuit precedent and merely assumed, without deciding, that a W&I § 827 violation constituted a violation of a federal privacy right. *Id.* And

prior to *Ismail*, *Rigsby* recognized that the Ninth Circuit has held a constitutional right to informational privacy exists, but that such right has not clearly been extended to the nondisclosure of juvenile records. *Rigsby*, 2011 WL 13143544, at *3–4.

Accordingly, we, like the district courts, conclude that the opaque opinion in *Gonzalez* did not clearly establish a constitutional privacy right in juvenile records. *Gonzalez* did not explain what right was at issue or what constitutional source it flowed from. It did not even explain whether that unnamed right was violated by the attorney's conduct, stating instead only that it could have been. *Gonzalez*, 336 F.3d at 835 ("*If* [the attorney] violated Gonzalez's constitutional rights…" (emphasis added)). Such an opinion, which leaves fundamental questions unanswered about the origin, nature, and scope of the right at issue, cannot place the constitutional issue "beyond debate." *See Kisela*, 138 S. Ct. at 1152; *see also Ashcroft v. al-Kidd*, 563 U.S 731, 741 (2011). We cannot conclude that every reasonable official acting as Defendants did would have known they were violating the constitutional rights of Plaintiffs based on *Gonzalez*, the only authority on which Plaintiffs' rely. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

### III. CONCLUSION

We do not decide whether the Constitution provides a privacy right in juvenile records; rather, we decide only that no such right was clearly established at the time of the Defendants' alleged conduct. Therefore, Defendants are entitled to qualified immunity.

**REVERSED and REMANDED for further proceedings consistent with this opinion.[7]**

---

HUNSAKER, Circuit Judge, with whom District Judge Silver joins, concurring:

I write separately to emphasize one point—our en banc court should reconsider *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003), and address in earnest whether there exists a constitutional right to privacy in juvenile records. We carefully dodge this issue today by focusing on the clearly-established-law prong of qualified immunity given the dearth of reasoning and guidance in the *Gonzalez* decision. But *Gonzalez* will continue to stymie district courts and litigants.[1]

The Supreme Court has identified a constitutional privacy "interest in avoiding disclosure of personal matters" under the Fourteenth Amendment. *Whalen v. Roe*, 429 U.S. at 589, 599–600 (1977). This is referred to as the right to "informational privacy." *See NASA v. Nelson*, 562 U.S. 134,

---

[7] The parties' motions for judicial notice are denied as moot.

[1] District courts have split interpreting *Gonzalez*. The district court here read *Gonzalez* as establishing a viable Fourth Amendment violation based on conduct allegedly prohibited by § 827. But district courts in *A.C. v. Cortez*, *Ismail v. Fulkerson*, and *Rigsby v. County of Los Angeles*, facing similar claims, read *Gonzalez* differently. *See* 398 F. Supp. 3d 748, 752 (S.D. Cal. 2019), appeal docketed, No. 19-55895 (9th Cir. Aug. 1, 2019); SA CV 10-00901-VBF-AJW, 2014 WL 3962488, at *11 (C.D. Cal. Aug. 12, 2014); No. CV 11-02766 SJO (PJWx), 2011 WL 13143544, at *3 (C.D. Cal Aug. 2, 2011), *aff'd*, 531 F. App'x 811 (9th Cir. 2013). And we affirmed *Rigsby* in a memorandum disposition interpreting *Gonzalez* narrowly. 531 F. App'x 811, 812 (9th Cir. 2013).

144 (2011). And we have recognized this right but have cautioned that it is "not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." *Endy v. Cnty. of Los Angeles*, 975 F.3d 757, 769 (9th Cir. 2020) (quoting *In re Crawford*, 194 F.3d 954, 959 (9th Cir. 1999)). In analyzing informational privacy rights in any given case, "[o]ur precedents demand that we engage in the delicate task of weighing competing interests to determine whether the government may properly disclose [the] private information [at issue]." *In re Crawford*, 194 F.3d at 959 (internal quotation marks and citation omitted).

The question here, whether there is a constitutional right of privacy that protects against disclosure of juvenile records, was answered in *Gonzalez* like an overconfident yet underprepared student—casually, without explanation or supporting authority. We should do better. And until the en banc court performs the analysis that *Gonzalez* neglected, our law on this issue will remain unclear. *See, e.g.*, *A.C.*, 398 F. Supp. 3d at 752.