**NOT FOR PUBLICATION**

FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.C., a minor; et al., | No. 19-55895 |
| Plaintiffs-Appellants, | D.C. No. 3:18-cv-02227-AJB-AGS |
| v. | |
| ERICA CORTEZ, an individual; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted October 5, 2021[**]

Pasadena, California

Before: GRABER and CHRISTEN, Circuit Judges, and SEEBORG,[***] Chief
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, Chief United States District Judge
for the Northern District of California, sitting by designation.

A.C., et al., appeal from the district court's order dismissing their complaint without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review findings of fact for clear error and legal conclusions de novo, except for the district court's denial of leave to amend, which we review for abuse of discretion. *Pannebecker v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1213, 1217 (9th Cir. 2008); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002). We affirm.

Appellants contend that *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) (per curiam), clearly established that a government attorney violates a minor's constitutional right to privacy by accessing the minor's juvenile case files without prior judicial authorization. The district court rejected this contention, holding that *Gonzalez* did not clearly establish this right and that qualified immunity applies.

Since the parties submitted their briefing, we decided exactly this issue in another case, *Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108 (9th Cir. 2020) (per curiam). *Nunes* held that the "opaque opinion" in *Gonzalez* did not clearly establish a constitutional right to privacy in juvenile records. *Id.* at 1114. In fact, *Nunes* specifically approved of the district court's decision in this case. *See id.* at 1113–14. Thus, Defendants are entitled to qualified immunity. Accordingly, we affirm the district court's order.

**AFFIRMED.**