**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| A.C., a minor; A.E.1, a minor; A.E.2, a minor, by and through Samuel H. Park, their Guardian ad litem, | No. 19-55895 |
| *Plaintiffs-Appellants*, | D.C. No. 3:18-cv-02227-AJB-AGS |
| v. | |
| ERICA R. CORTEZ, an individual; KATE DWYRE JONES, an individual; COUNTY OF SAN DIEGO, a public entity; DOES, 1 through 30 inclusive, *Defendants-Appellees*. | OPINION |

Appeal from the United States District Court
For the Southern District of California
Anthony K. Battaglia, District Judge, Presiding

Submitted October 5, 2021[*]
Pasadena, California

Filed May 13, 2022

---

   [*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  Susan P. Graber and Morgan Christen, Circuit
Judges, and Richard Seeborg,** District Judge.

Opinion by Judge Seeborg

**SUMMARY***

**Civil Rights**

The panel affirmed the district court's dismissal of an
action brought pursuant to 42 U.S.C. § 1983 alleging that
attorneys for the County of San Diego, in defending the
County against plaintiffs' earlier lawsuit, reviewed
plaintiffs' juvenile case files without first obtaining a court
order, in violation of plaintiffs' privacy rights.

In a previously issued memorandum disposition, the
panel held that the individual defendants were entitled to
qualified immunity for the reasons stated in *Nunes v. Arata,
Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108,
1113–14 (9th Cir. 2020) (per curiam).  The panel's previous
disposition did not address plaintiffs' claim brought pursuant
to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and
after plaintiffs moved for reconsideration, rehearing, and
rehearing en banc, the panel invited supplemental briefing
on the *Monell* claim.

---

** The Honorable Richard Seeborg, Chief United States District
Judge for the Northern District of California, sitting by designation.

*** This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

The panel held that, contrary to plaintiffs' argument, *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) (per curiam), *abrogated on other grounds by Filarsky v. Delia*, 566 U.S. 377 (2012) does not stand for the proposition that a right to privacy necessarily attaches to the type of records at issue here. Thus, *Gonzalez* did not recognize a per se constitutional right in juvenile records that is always violated by third-party access. Further, even if plaintiffs were entitled to informational privacy, the balancing test recognized in *Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010), showed the County's interest in defending this litigation outweighed plaintiffs' asserted privacy interest. Even assuming that the social workers' records comprised sensitive medical and psychological records, there was no constitutional violation because the County's need to access the records was high. Plaintiffs initiated that need, and the professional obligations that lawyers owe their clients minimized the risk of misuse, harassment, or embarrassment. Thus, the district court properly dismissed plaintiffs' *Monell* claim.

## COUNSEL

Shawn A. McMillan, Stephen D. Daner, and Adrian M. Paris, Law Offices of Shawn A. McMillan A.P.C., San Diego, California, for Plaintiffs-Appellants.

Thomas E. Montgomery, County Counsel; Jeffrey Michalowski and John P. Cooley, Senior Deputies; Office of County Counsel, San Diego, California; for Defendants-Appellees.

**OPINION**

SEEBORG, District Judge:

Plaintiffs in this action are minors who resided in San Diego County. In 2017, Plaintiffs sued the County and County social workers for allegedly violating their Fourth Amendment rights by interviewing them without a court order or parental consent during the course of a child-abuse investigation. During that investigation, the County created and maintained files related to the alleged child abuse. Attorneys defending the County reviewed the child-abuse investigation file without first obtaining a court order. Plaintiffs then brought this action, alleging that the attorneys who accessed the file violated their right to privacy. Plaintiffs' claim relies heavily on *Gonzalez v. Spencer*, 336 F.3d 832 (9th Cir. 2003) (per curiam), *abrogated on other grounds by Filarsky v. Delia*, 566 U.S. 377 (2012). We conclude that *Gonzalez* does not stand for the proposition that a right to privacy necessarily attaches to the type of records at issue here. Further, even if we assume that Plaintiffs were entitled to informational privacy, the balancing test recognized in *Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010), shows the County's interest in defending this litigation outweighed Plaintiffs' asserted privacy interest. Accordingly, we affirm.[1]

## I. BACKGROUND

Juvenile case files include "[d]ocuments relating to a child concerning whom a petition has been filed in juvenile

---

[1] This opinion supplements a memorandum disposition, *A.C. v. Cortez*, No. 19-55895, 2021 WL 4705511 (9th Cir. Oct. 8, 2021) (unpublished), in which we affirmed the dismissal of the claims against the individual Defendants. All claims in this action are now decided.

court that are maintained in the office files of probation officers, social workers of child welfare services programs, and CASA [Court Appointed Special Advocates] volunteers." Cal. R. Ct. 5.552(a)(4). The types of documents in a case file generally contain "reports to the court by probation officers, social workers . . . , and CASA volunteers" and "[t]ranscripts, records, or reports relating to matters prepared or released by the . . . child welfare services program." *Id.* 5.552(a)(3), (5). In California, a court order is required to access juvenile case files, except for a list of statutorily excepted categories of people, such as the subject minor and attorneys litigating a juvenile or criminal proceeding involving the minor. California Welfare & Institutions Code § 827.

In 2017, Plaintiffs sued San Diego County, claiming that County social workers violated their Fourth Amendment rights by interviewing them without a court order or parental consent. *Williams v. County of San Diego*, S.D. Cal. Case No. 17-cv-0815 MMA-JLB. Attorneys for the Office of County Counsel defended the lawsuit. As part of that defense, Erica Cortez and Kate Jones accessed the County's juvenile case files concerning Plaintiffs.

Plaintiffs then brought this separate lawsuit in 2018, arguing that the lawyers' inspection of the juvenile case files violated their privacy rights. They sued Cortez, Jones, and the County itself. The Complaint contains two counts: a 42 U.S.C. § 1983 claim against the individual Defendants and a *Monell* claim, premised on the allegations that the County had a practice of allowing attorneys to access and use juvenile files to defend against lawsuits. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion, despite

finding that the County's policy allowed its attorneys to access juvenile case files without a court order, potentially contrary to California law. *A.C. v. Cortez et al.*, 398 F. Supp. 3d 748 (S.D. Cal. 2019).

The district court applied the balancing test articulated in *Seaton*, 610 F.3d at 538 n.47, 539, which essentially weighs the potential for harm to Plaintiffs' privacy interest against Defendants' need for access. The court concluded that the balancing test favored Defendants in light of the need to access the files to defend the County in the 2017 litigation. *A.C.*, 398 F. Supp. 3d at 753. The district court also ruled that the individual Defendants are entitled to qualified immunity because Plaintiffs failed to show "that there was a constitutional deprivation" and, even if there were, "it was not clearly established at the time County Counsel accessed the files that they were violating [Plaintiffs'] constitutional rights." *Id.* Plaintiffs timely appealed to us.

While this appeal was pending, another panel of this court held that qualified immunity applied to an alleged privacy violation against individual Defendants in a nearly identical case, citing the trial court's decision in this case. *Nunes v. Arata, Swingle, Van Egmond & Goodwin (PLC)*, 983 F.3d 1108, 1113–14 (9th Cir. 2020) (per curiam). We then issued a memorandum disposition in this appeal, holding that the individual Defendants sued here were entitled to qualified immunity for the reasons stated in *Nunes*. *A.C.*, 2021 WL 4705511 at *1. *Nunes*, however, did not address whether there exists a constitutional right in the first instance; it decided only the issue of qualified immunity, which cannot apply against the County. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 166–167 (1993).

Our previous disposition did not address the *Monell* claim. After Plaintiffs moved for reconsideration, rehearing, and rehearing en banc, we invited supplemental briefing. We have jurisdiction under 28 U.S.C. § 1291, and we now affirm the district court's order dismissing Plaintiff's complaint.

## II. STANDARD OF REVIEW

We review findings of fact for clear error and legal conclusions de novo, except for the district court's denial of leave to amend, which we review for abuse of discretion. *Pannebecker v. Liberty Life Assurance Co.*, 542 F.3d 1213, 1217 (9th Cir. 2008); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A. The Question to be Decided

Defendants insist that we should not reach the constitutional question presented in this case. Defendants argue that Plaintiffs waived any informational privacy claims by not pursuing the theory below and not raising it in their opening brief. Yet, Defendants raised informational privacy to the district court, the district court's opinion reached the issue, and the parties have squarely addressed informational privacy on appeal. We therefore take the opportunity to clarify the confusion caused by *Gonzalez*.

### B. *Gonzalez* Did Not Identify a Constitutional Right

*Gonzalez* did not recognize a per se constitutional right in juvenile records that is always violated by third-party access. The decision contains a limited discussion of the constitutional question:

> If Spencer violated Gonzalez's constitutional rights, he is entitled to at least nominal damages, even if Spencer could have obtained the documents lawfully.
>
> Because Spencer improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether Spencer's use of Gonzalez's file in depositions also violated his constitutional rights.
>
> . . . Spencer is not entitled to qualified immunity.

336 F.3d at 835 (citation omitted). *Gonzalez* has been characterized as "opaque." *Nunes*, 983 F.3d at 1114. Most of the district courts to consider the issue have concluded that *Gonzalez* did not recognize a constitutional right to privacy in juvenile records per se. *E.g.*, *Rigsby v. County of Los Angeles*, No. CV-11-02766, 2011 WL 13143544, at *3 (C.D. Cal. Aug. 2, 2011), *aff'd*, 531 F. App'x 811 (9th Cir. 2013); *see also Nunes*, 983 F.3d at 1113 (discussing cases).

*Gonzalez* mentioned neither the Constitution nor any federal law in the relevant part of the opinion. As we noted in *Nunes*, "[s]uch an opinion, which leaves fundamental questions unanswered about the origin, nature, and scope of the right at issue, cannot place the constitutional issue 'beyond debate.'" 983 F.3d at 1114. We conclude that *Gonzalez* cannot be viewed as identifying a constitutional right for qualified immunity purposes or otherwise.

The quoted passage in *Gonzalez* at most assumed that there was some existing constitutional right to privacy in

juvenile records. *See* 336 F.3d at 839 (Fletcher, J., dissenting) (noting that the issue was only whether *Gonzalez* had a "federal constitutional right of privacy based on a settled expectation arising out of state law"). We need not try to excavate further the intent behind the "opaque" passage in *Gonzalez*. It is sufficient to resolve that Plaintiffs cannot rely on *Gonzalez* for the existence of a per se constitutional right. Because we hold that *Gonzalez* did not identify a specific constitutional right in the first place, en banc review is not necessary to ensure the uniformity of our decisions, as Plaintiffs request. Fed. R. App. P. 35.

## C. Applying Informational Privacy to Juvenile Records

"[F]ederal constitutional law recognizes a 'right to informational privacy' stemming from 'the individual interest in avoiding disclosure of personal matters.'" *Endy v. County of Los Angeles*, 975 F.3d 757, 768 (9th Cir. 2020) (quoting *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999)). That said, the right "is not absolute; rather, it is a conditional right which may be infringed upon a showing of proper governmental interest." *Id.* (internal quotation marks omitted). Our balancing test to determine whether the government's right to infringe outweighs the individual's privacy interest considers: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton*, 610 F.3d at 539 (quoting *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004)) (internal quotation marks omitted).

California's definition of juvenile records is broad, including "records, or reports relating to" those prepared by

child welfare workers, the contents of which vary dramatically. Cal. R. Ct. 5.552(a). In its early stages, a social worker's child-abuse file might contain only relatively innocuous biographical data and academic records. Eventually, however, it would not be unusual for such a file to contain intimate details that families would not share with strangers, including medical diagnoses, reports of abuse, substance-abuse treatment records, and the like. Thus, although courts may assume that juvenile records contain personal matters, an individualized determination will be required at the threshold stage to determine whether a particular file contains such information. We apply the standard informational privacy balancing test to minors. *See, e.g.*, *Planned Parenthood of S. Ariz. v. Lawall*, 307 F.3d 783, 785, 789–90 (9th Cir. 2002).

## D.  No Informational Privacy Violation Here

The district court applied the five-factor balancing test articulated in *Seaton*, 610 F.3d at 593, and found no violation of Plaintiffs' right to informational privacy. The court's conclusion is sound.

As to the first factor, the type of information requested, Plaintiffs contend that the files contained their medical, psychological, and psychiatric records, and we presume that the files contain at least some highly sensitive information. The second factor, the potential for harm, is unclear but seems low, as it has been years since the information was accessed, and it has not been used in the underlying lawsuit (about social workers interviewing Plaintiffs without consent) or in any other proceeding. The third factor, safeguards against misuse, helps assuage any concerns about harm because Plaintiffs allege only that the County's attorneys accessed the files. Attorneys have a duty to keep their clients' files confidential, and a "statutory or regulatory

duty to avoid unwarranted disclosures generally allays privacy concerns." *NASA v. Nelson*, 562 U.S. 134, 155 (2011) (internal quotation marks omitted).

The next factor, the need for access, is the most crucial in this case, because that need is high. The County's attorneys have a duty to represent their client, and they concluded that adequate representation required their reviewing the files. This situation is analogous to the concept of litigation waiver in other areas of the law: where a Plaintiff puts a particular subject at issue, such that lawyers and courts will need to examine records to investigate the claim, Plaintiffs' privacy rights and expectations may be diminished or extinguished.[2] *See, e.g.*, *Vinson v. Superior Ct.*, 740 P.2d 404, 410–11 (Cal. 1987). We emphasize that Plaintiffs' 2017 suit pertained to how County employees conducted themselves with respect to the juveniles, thus giving rise to the attorneys' need to access the juveniles' files. Our decision should not be misunderstood as holding that, whenever someone sues the County on any topic, its attorneys necessarily may access the Plaintiff's juvenile file.

The last factor, policies pertaining to access, is somewhat unclear. Defendants argue that there is such a policy because a state regulation provides that, when someone sues the county, social services agencies shall give county attorneys all files related to the Plaintiff. Cal. Dept. of Soc. Servs. Manual of Policies & Procs. § 19-004.5. On the other hand, California Welfare & Institutions Code § 827 requires a court order to access juvenile files, and it seems that the

---

[2] Indeed, this logic arguably could decide the case: Plaintiffs' 2017 suit waived their privacy rights and expectations, at least with regard to the lawyers for the entity that they sued.

attorneys here do not fall under the "court personnel" exception.

Ultimately, this state-law issue need not be decided definitively because the need for access is sufficiently high that it outweighs the lesser possibility of harm. Even assuming that the social workers' records comprised sensitive medical and psychological records, there was no constitutional violation because the County's need to access the records was high. Plaintiffs initiated that need, and the professional obligations that lawyers owe their clients minimize the risk of misuse, harassment, or embarrassment. Thus, the district court properly dismissed Plaintiffs' *Monell* claim. Because no amendment could save the complaint, the district court correctly denied leave to amend. *Gompper*, 298 F.3d at 898.

**AFFIRMED.**